(C. D. 862)

B. R. ANDERSON & CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 29, 1944)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph B. Brady* and *John J. McDermott*, special attorneys), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: This protest involves the dutiable status of leather straps for fishing creels. They were assessed with duty at the rate of 45 per centum ad valorem under paragraph 1535 of the Tariff Act of 1930, the pertinent portion of which reads as follows:

\* \* \* fish hooks, artificial baits, and all other fishing tackle and parts thereof, fly books, fly boxes, fishing baskets or creels, finished or unfinished, not specially provided for, except fishing lines, fishing nets, and seines, \* \* \* .

They are claimed dutiable at the rate of 17½ per centum ad valorem or 25 per centum ad valorem under the provisions of paragraph 1531 of the same act as modified by the trade agreement with the United Kingdom, T. D. 49753. As originally passed the foregoing paragraph, so far as pertinent, read as follows:

\* \* \* belts \* \* \* wholly or in chief value of leather \* \* \* and manufactures of leather \* \* \* or of which leather \* \* \* is the component material of chief value, not specially provided for, 35 per centum ad valorem \* \* \* .

By the aforementioned trade agreement, the rate was reduced on—

Belts and buckles designed to be worn on the person
—to 17½ per centum ad valorem, and on—
Other articles
—to 25 per centum ad valorem.

At the trial of the issue evidence was produced showing that the sole use of the articles at bar is to fasten a fish creel to one's person while engaged in fishing, especially while wading streams, and that a fish creel is a basket that is shaped to fit one's side just above the hip and is used to contain the catch.

It appears to be admitted by the defendant that the article at bar is not properly classifiable under the provision for "fishing baskets or creels" in view of the fact that no provision is made for parts or accessories of such baskets or creels. Neither, in our opinion, is it classifiable under the provision for "all other fishing tackle and parts thereof." That term was the subject of judicial interpretation in the ase of *Dame, Stoddard Co.* v. *United States*, T. D. 35749, wherein it was held—

—to include only such articles as are necessarily and actually used in fishing, such as fishing rods, reels, lines, hooks, fish flies, leaders, sinkers, etc.

and in Abstract 29970 (Old Series), T. D. 32847, it was held that fishing baskets were not dutiable as "fishing tackle."

These interpretations seem to have been in accord with the views of Congress, for in subsequent tariff revisions specific provision has been made for fish creels and fly boxes apart from the provision for fishing tackle. Necessarily, parts or accessories of such baskets or creels must be excluded also from the purview of the term.

Being satisfied that the article is not within the provisions of paragraph 1535, therefore, and that the collector's classification thereunder was erroneous, we turn to an examination of the provisions under which claim is made.

In support of its claim under the provision for "belts and buckles designed to be worn on the person" under paragraph 1531 as modified by the trade agreement with the United Kingdom, T. D. 49753, counsel for the plaintiff has cited the following definitions of "belt" from the Century and Standard Dictionaries:

> Century Dictionary:
> 1. A broad flat strip or strap of leather or other flexible material, used to encircle the waist; a girdle; cincture; zone; band. Ordinarily it is worn buckled or hooked tight to the waist, and in all ages it has been a common article of apparel both to keep the garments in place and to support weapons, or a purse, a writing-case, or the like: it may be made of any material. * * *.
> Standard Dictionary:
> A strap or band of flexible material, commonly held around the waist by a buckle, clasp, hasp, etc.; girdle.

Counsel likewise points out that many belts are not worn around the waist, but may be worn over the shoulder, and cites shoulder belts and cross belts, and the well-known Sam Browne belt as examples. It is obvious that the article at bar is worn over the shoulder.

Notwithstanding this, however, we are of the opinion that the article before us cannot be considered a belt and buckle designed to be worn on the person such as is provided for in paragraph 1531, *supra*, as amended. It partakes more of the nature of a sling, or haversack strap, than it does of a belt. Those articles which are commonly known as belts and which are designed to be worn on the person, whether or not they have a utilitarian purpose, such as sword belts, cartridge belts, and the like, nevertheless serve and are worn as belts by themselves; the article at bar would not be worn on the person except in connection with a fishing basket or creel. We therefore overrule the claim for duty at the 17½ per centum rate.

It has been conceded that the articles at bar are in chief value of leather. As we read the provision of the trade agreement, *supra*, which modified the provisions of paragraph 1531, the term "other articles" embraces, *inter alia*, "manufactures * * * of which leather * * * is the component material of chief value" referred

to therein. In our view this is the proper classification of the creel straps in issue, and the protest claim thereunder is sustained.

Judgment will issue accordingly.